**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

MARKESHA PERKINS, )
)
    Plaintiff, )
) **Case No.:**
    v. )
) **COMPLAINT AND DEMAND FOR**
CREDIT COLLECTION SERVICES, ) **JURY TRIAL**
)
    Defendant. ) **(Unlawful Debt Collection Practices)**
)
)

MARKESHA PERKINS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT COLLECTION SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Illinois and, as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in University Park, Illinois 60466.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 2 Wells Avenue, Newton, Massachusetts 02459.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt alleged to be owed to Comcast Cable.

11. Upon information and belief, the alleged debt at issue arose out of transactions, which were allegedly for personal, family, or household purposes.

12. Beginning in or around February 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect this alleged debt.

13. Defendant's collectors' calls originated from telephone numbers, including but not limited to, (617) 581-1074. The undersigned has confirmed that this number belongs to Defendant.

14. Defendants' collectors relentlessly called Plaintiff, often causing her telephone to

ring two to four times each day, and also called at inconvenient times, which included Sundays.

15. Moreover, on at least one occasion, Defendant's collectors called Plaintiff eight times during the day.

16. Further, on some occasions, Defendant's collectors would call back to back causing Plaintiff's telephone to ring repeatedly.

17. Defendant's actions, as described herein, were taken with the intent to pester, annoy, and harass Plaintiff over an alleged debt.

## COUNT I
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

18. A debt collector violates § 1692c(a)(1) by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer..

19. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff at inconvenient times, which included Sundays.

## COUNT II
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing and oppressive conduct.

## COUNT III
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff with the intent to annoy, abuse, and harass Plaintiff.

## COUNT IV
### DEFENDANT VIOLATED § 1692f OF THE FDCPA

24. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

25. Defendant violated § 1692f of the FDCPA when it harassed Plaintiff regarding the alleged debt, and when it engaged in other unfair or unconscionable means to collect a debt.

WHEREFORE, Plaintiff, MARKESHA PERKINS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARKESHA PERKINS, demands a jury trial in this case.

Respectfully submitted,

DATED: November 19, 2014  By: /s/ Amy L. Bennecoff
Amy L. Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (215) 540-8817
Email: abennecoff@creditlaw.com

Attorney for the Plaintiff